**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS, et al., | : CIVIL ACTION NO. 08-2942 (MLC) |
| Petitioners, | : **MEMORANDUM OPINION** |
| v. | : |
| MAXIMUM CONSTRUCTION, LLC, | : |
| Respondent. | : |

**THE PETITIONERS** bringing this action requesting that this Court, pursuant to 9 U.S.C. § ("Section") 9 of the Federal Arbitration Act ("FAA"), (1) confirm the arbitration award issued on April 29, 2008 in New Jersey Carpenters Funds v. Maximum Construction, LLC, (April 29, 2008) (Pierson, Arb.) ("4-29-08 Award"), and (2) enter judgment in their favor and against respondent, Maximum Construction, LLC ("respondent") (dkt. entry no. 1, Pet. at 1-3); and the petitioners also moving to confirm the 4-29-08 Award ("Motion") (dkt. entry no. 2, Mot. to Confirm Arb. Award & Entry of J.); and the petitioners electing not to file a brief with the Motion (dkt. entry no. 2, Stmt. That No Br. Is Necessary); and

**RESPONDENT** opposing confirmation of the 4-29-08 Award (dkt. entry no. 3, Respondent's Resp. to Pet. at 1-2); and respondent arguing that the 4-29-08 Award should be vacated (id. at 2 (requesting that the Court "order the parties back to the

arbitration table")); and respondent asserting that it was not represented by counsel at the second of two arbitration hearings, which was held on April 24, 2008 ("second arbitration hearing") (id. at 1); and respondent contending that it was denied its right to counsel at the second arbitration hearing and that it has "a right to have the merits of [its] position considered before any award is entered" (id. at 2); and respondent also electing not to file a brief with its response (see id.); and

    **IT APPEARING** that a district court, once an arbitrator has reached a decision, may confirm the arbitration award as a final judgment, see 9 U.S.C. § 9; N.J. Bldg. Laborers Statewide Benefit Funds v. Thomas Fireproofing, Inc., No. 06-1034, 2006 WL 1228726, at *2 (D.N.J. May 5, 2006); and it also appearing that Section 9 of the FAA provides that

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9; and it thus appearing that a district court has very limited authority to vacate an arbitration award, Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003) (stating that a district court may vacate an arbitration award "only under

exceedingly narrow circumstances");[1] and it appearing that the Court can only vacate such award under the circumstances listed in Section 10, specifically where (1) "the award was procured by corruption, fraud, or undue means," (2) there was "evident partiality or corruption" with respect to the arbitrator, (3) the arbitrator committed misconduct by refusing to postpone the hearing, refusing to hear pertinent and material evidence, or otherwise committing misbehavior that prejudiced the rights of a party, or (4) the arbitrator exceeded his or her powers or failed to reach "a mutual, final, and definite award," 9 U.S.C. § 10(a); Jones v. Intarome Fragrance Corp., No. 04-5625, 2007 WL 1296656, at *3 (D.N.J. Apr. 27, 2007), or under circumstances in which the arbitration award (1) "demonstrates manifest disregard of the law," or (2) "cannot be justified in any rational way," Transtech Indus., Inc. v. A&Z Septic Clean, 270 Fed.Appx. 200, 209 (3d Cir. 2008) (quotations and citations omitted) (emphasis omitted); Jones, 2007 WL 1296656, at *3; and it further appearing that the party seeking to vacate the arbitration award must show that one of the recognized grounds is satisfied, see Jones, 2007 WL 1296656, at *3; and

**IT FURTHER APPEARING** that respondent has not demonstrated that the 4-29-08 Award should be vacated as respondent has

---

[1] Respondent does not contend that the 4-29-08 Award should be modified or corrected. (See Respondent's Resp. to Pet. at 1-2.)

neither claimed nor shown that any of the Section 10 grounds or common law grounds for vacating an arbitration award apply to the 4-29-08 Award, see Jones, 2007 WL 1296656, at *3 (recognizing that district court can only vacate an arbitration award "in limited circumstances, as outlined in section 10 of the FAA and in common law principles adopted by the Third Circuit"); and it also appearing that respondent contends that the 4-29-08 Award should be vacated based on its failure to have counsel present at the second arbitration hearing (see Respondent's Resp. to Pet. at 1), and that this is neither a ground listed in Section 10 nor an accepted common law ground upon which the Court may vacate the 4-29-08 Award, see Transtech Indus., Inc., 270 Fed.Appx. at 209; Jones, 2007 WL 1296656, at *3; see also N.J. Carpenters Funds v. CBC Carpet, Inc., No. 07-5511, 2008 WL 576990, at *2 (D.N.J. Feb. 29, 2008) (refusing to vacate arbitration award based on respondent's lack of counsel at arbitration hearing); and it further appearing that respondent has cited no authority for its position (see Respondent's Resp. to Pet. at 1-2), see N.J. Carpenters Funds, 2008 WL 576990, at *2; and it therefore appearing that the Court cannot vacate the 4-29-08 Award and must confirm the 4-29-08 Award, see 9 U.S.C. § 9 (mandating that a district court "must grant such an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title");

Jeereddi A. Prasad, M.D., Inc. v. Investors Assocs., Inc., 82 F.Supp.2d 365, 371 (D.N.J. 2000) ("Absent any valid challenge to the arbitration award, this Court must grant Petitioner's motion and confirm the award."); and

**THE COURT** thus intending to grant the motion to confirm the arbitration award; and the Court deciding the motion without oral argument and on the papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate order and a separate judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated: December 5, 2008